**Jane L. Moisan,** OSB No. 181864
peopleslawproject@gmail.com
PEOPLE'S LAW PROJECT
818 S.W. 3rd Avenue #221-3789
Portland, OR 97204
Phone (971) 258-1292

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| BEA LAKE, | **Case No.** |
| Plaintiff, | COMPLAINT |
| v. | Violations of Civil Rights: 42 U.S.C. § 1983 |
| **CITY OF PORTLAND, a municipal corporation, Portland Police Bureau ("PPB") Police Officer ("P.O.") John Doe (the name John Doe being fictitious, as the true name and shield number is not presently known), in their individual capacities,** | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff, by and through her attorneys, does hereby state and allege:

## PRELIMINARY STATEMENT

This is a civil rights action brought to vindicate Plaintiff's rights under the First and

Fourth Amendments of the Constitution of the United States, through the Civil Rights Act of

1871, *as amended*, codified as 42 U.S.C. § 1983.

Plaintiff BEA LAKE's ("Ms. Lake") is a journalist who covered the George Floyd protests in the summer of 2020. Ms. Lake's rights were violated on June 7, 2020 and thereafter when officers of the Portland Police Bureau unconstitutionally and without lawful justification removed her from the protest and stated, "Press passes don't matter," arresting her and falsely accusing her of crimes in retaliation for her actions in reporting on police conduct as a journalist. Defendants' conduct was for the sole purpose of removing journalistic oversight of police conduct toward protesters rather than for accomplishing public safety goals.

By reason of Defendants' actions, Plaintiff was deprived of her constitutional rights. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This case is brought pursuant to 42 U.S.C. § 1983 and § 1988 for violations of the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon, and because Defendants are subject to personal jurisdiction in the District of Oregon.

## II. PARTIES

3.      Plaintiff Lake is a resident of the State of Oregon and Multnomah County.

4.      Defendant City of Portland ("City") is a municipal entity created and authorized under the laws of the State of Oregon. The City is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. As a local governmental entity, the City is a suable person under 42 U.S.C. § 1983. Defendant

City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attached to the public consumers of the services provided by the PPB. Per 0RS 30.285(1), the City must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action.

5.      Defendant Portland Police Bureau ("PPB") Officer John Doe ("Defendant P.O. Doe") is being sued in his individual capacity and under the pseudonym "John Doe," as his true name and identity are unknown to Plaintiff. Plaintiff intends to amend this lawsuit to individually name said Defendant once his identity is discovered.

6.      At all times relevant herein, the Defendant P.O. Doe was acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of PPB and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the PPB at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the PPB and incidental to the lawful pursuit of their duties as officers, employees and agents of the PPB.

### III. FACTUAL ALLEGATIONS

7.      On May 25, 2020, in Minneapolis, Minnesota, a Black man named George Floyd was murdered on video by Officer Derek Chauvin of the Minneapolis Police Department while three of his fellow officers watched and did nothing to intervene. Officer Chauvin knelt on Mr. Floyd's neck while Mr. Floyd pleaded for his life, repeatedly telling Chauvin that he could not breath. A bystander video of the murder quickly went viral, sparking outrage throughout the country.

8.    For many Americans, and particularly Black Americans, the murder of George Floyd, in broad daylight while being openly filmed by a witness, was the proverbial straw that broke the camel's back. Fed up with the empty platitudes and the endless yet ineffective "reforms" by their political and law enforcement leaders, millions of Americans took to the streets in protests, demanding an end to police violence and white supremacy, and refusing to leave those streets unless and until meaningful change is made.

9.    Protests were met with police violence in nearly every city around the country. Videos shared in the press and on social media show the police in this country out of control, including in their unprecedented attacks on journalists. As of June 23, 2020, Amnesty International reported 125 incidents of United States police human right violations against protesters since the uprising began.[1]

10.    Beginning on May 29, 2020, and every night for months following, Portlanders demonstrated in the streets demanding justice for George Floyd and demanding an end to police violence. The PPB, like police departments throughout the country, have met these demands with violence and attempts to suppress the media.

11.    As alleged herein, in undertaking this work, Plaintiff Bea Lake experienced first-hand these violations to the rights of the media.

**Plaintiff's Allegations**

12.    Plaintiff Bea Lake ("Ms. Lake") is a freelance journalist. As a member of the media, Plaintiff Lake covered the 2020 protests in Portland, Oregon. At all times relevant to this

---

[1] Rahman, Khaleda "Police Violated Human Rights of George Floyd Protesters 125 Times: Amnesty International" June 23, 2020 NewsWeek. Available online at https://www.newsweek.com/amnesty-documents-police-violence-map-1512536?fbclid=IwAR3HHX59QbFcHSYtYvTBfOSr36rjbGlstvUyUgH3piWdM0AafXSCxPUZtcM.

Complaint, Ms. Lake was working on assignment as a contract journalist with Robert Evans and iHeart Media.

16.     13.     On June 7, 2020, Ms. Lake was livestreaming and documenting the demonstrations and police conduct near the Justice Center in downtown Portland. Ms. Lake was clearly identifiable as a member of the press.

14.     Defendants had given instructions for the crowd to move away from the Justice Center.

15.     As Ms. Lake was moving in the direction indicated by PPB officers, Ms. Lake heard a PPB officer Defendant P.O. Doe state, in sum and substance, "PRESS BADGES DON'T MATTER."

16.     Ms. Lake then asked Defendant P.O. Doe his name, which he did not provide. Ms. Lake reiterated her request, and in response, Defendant P.O. Doe said, in sum and substance, "YOU WANT TO GO TO JAIL?" and grabbed Ms. Lake from behind by her press gear bag.

17.     Ms. Lake had not failed to comply with a lawful order, nor had she committed a crime or posed any threat. Defendant P.O. Doe then placed Ms. Lake under arrest at around 11:30 p.m. without lawful justification or probable cause.

18.     Without probable cause to believe a crime had been committed, Defendant P.O. Doe and officers of the PPB then issued Ms. Lake Citation Number #ZA0459752. Further, the citation was illegibly signed and failed to provide a printed name or an identifying officer number. Ms. Lake was released from custody at or around 2:00 AM on June 8, 2020.

19.     As a result, Ms. Lake was removed from the scene and forced to cease journalistic activities for the evening.

20.     When Defendants unconstitutionally and without any legal basis seized, detained, arrested, searched and used unlawful force against Plaintiff, they did so in retaliation for and in an attempt to dissuade her from reporting on police conduct and the Black Lives Matter protests in Portland, Oregon. By reason of Defendants' actions, including their unreasonable and unlawful searches and seizures, Ms. Lake was deprived of her constitutional rights.

21.     Video of this arrest is available at https://twitter.com/45thabsurdist/status/1269904040650870784?s=20.

22.     As a result of Defendants' violations, Plaintiff suffered mental and emotional harms and, as a journalist whose profession required covering protests and law enforcement, suffered increased mental distress in undertaking her profession.

## IV.

### CLAIM
### Unlawful Arrest or Detention in Violation of the Fourth Amendment
### *Pursuant to 42 U.S.C. § 1983*

23.     Plaintiff incorporates by referenced the allegations set forth *supra* as if set forth fully herein and further alleges:

24.     Plaintiff has the right under the Fourth Amendment of the United States Constitution to be free from arrest not based on a probable cause belief that the particular person has committed, is committing, or is about to commit a crime.

25.     Defendants involved in the arrest of Plaintiff violated her rights when they arrested her lacking probable cause to believe she had committed or crime or posed a threat to others.

26.     Defendants in a supervisory capacity are held liable for violations due to their own culpable action or inaction either through (a) their own direct participation in the violations;

(b) failure to train, supervise or control subordinates; (c) their own acquiescence in the constitutional deprivations; (d) failure to remedy a wrong after learning of the violation; (e) creating a custom, practice or policy that leads subordinate staff to commit constitutional violations or allowing such custom, practice or policy to continue; or (f) other conduct which shows a reckless or callous indifference to the constitutional rights of others.

27.     Upon information and belief, Supervisory Defendants authorized and/or acquiesced to the conduct alleged herein which caused Plaintiff's injuries.

28.     At all times material, the law was clearly established that Defendants' seizure of Plaintiff in the manner and under the circumstances was unreasonable and any objectively reasonable law enforcement officer would have known that the seizure of Plaintiff violated her clearly established Fourth Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

29.     Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

30.     As a direct and proximate result of Defendants' unconstitutional acts, Plaintiff suffered physical injury and mental harms, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

31.     Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

**CLAIM**
**Violation of the First Amendment**
*Pursuant to 42 U.S.C. § 1983*

32.    Plaintiff incorporates by referenced the allegations set forth *supra* as if set forth fully herein and further alleges:

33.    Plaintiff was engaged in constitutionally protected conduct as a member of the press, including filming police conduct during protests of local, national and international importance. As alleged *supra*, Defendant John Doe 1 arrested and detained Plaintiff in retaliation for her activities in reporting on the protests and police conduct, and for inquiring as to the identity of a law enforcement officer. Defendants' conduct was for the purpose of, and resulted in, Plaintiff being prevented from and chilled from creating media.

34.    Defendants, under color of state law, subjected the Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of her rights, privileges and immunities secured by the First Amendment to the United States Constitution, including, without limitation, deprivation of the freedom from retaliation as a member of the media, and for the exercise free speech and the right to assemble.

35.    Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

36.    At all times material, the law was clearly established that Defendants' conduct, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the conduct was unreasonable and violated her clearly established First Amendment rights. Defendants' conduct was well-defined by law and each Defendant knew or should have known that their conduct was not only well below the standard prescribed by law, but illegal *per se*.

37.     Defendants' conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's First Amendment rights.

38.     As a direct and proximate result of Defendants' unconstitutional and retaliatory acts, Plaintiff suffered physical injury and mental harms, outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

39.     Plaintiff is entitled to an award of punitive damages against Defendants to punish and deter them and others from similar deprivations of constitutional rights in the future.

## REASONABLE ATTORNEY'S FEES AND COSTS

40.     42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

41.     Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## <u>JURY DEMAND</u>

42.     Plaintiff requests a trial by jury in this action on each and every one of her damages claims.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants jointly and severally and prays for relief as follows:

a.     An award for compensation for violation of her constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.     An award of punitive damages against the individual Defendants; and

c.     An award of attorneys' fees, costs, and disbursements, as pleaded above; and

d.     For such other relief as the Court may deem just and proper.

Dated: June 6, 2022.

Respectfully submitted,

By: /s/ Jane L. Moisan
Jane L. Moisan, OSB No. 181864
PEOPLE'S LAW PROJECT

*Attorneys for Plaintiff*