DENIS M. VANNIER, OSB #044406
Senior Deputy City Attorney
Denis.Vannier@portlandoregon.gov
Portland City Attorney's Office
1221 SW Fourth Ave, Suite 430
Portland, OR 97204
Phone: (503) 823-3047
Fax: (503) 823-3089
*Attorney for Defendant City of Portland*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **BEA LAKE.**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND,** a municipal corporation, Portland Police Bureau ("PPB"); Police Officer ("P.O") **JOHN DOE** (the name John Doe being fictitious, as the true name and shield number is not presently known), in their individual capacities**,** <br><br> Defendants. | 3:22-cv-00818-SI <br><br><br><br> **DEFENDANT CITY OF PORTLAND'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff has filed a response to the City's motion for summary judgment in this case. But aside from being untimely,[1] that response does not undermine the City's motion. On the

---

[1] This court had given plaintiff until October 7, 2022, to respond to the City's motion. Plaintiff did not file that response until three days later, on October 10, 2022. Plaintiff did not file a motion for an extension of time, nor does she offer any explanation for that late filing. On that basis alone, this court should strike plaintiff's response and decline to consider it. *See McDaniel v. B.G.S.00 LLC*, 2016 WL 3198310, at *2 (W.D. Wash. June 9, 2016), *aff'd*, 726 F. App'x 595 (9th Cir. 2018) (striking response to summary-judgement motion and declining to consider it when it was filed two days late and plaintiff "did not seek leave to file a late response or offer any explanation for the failure to comply with the rules.")

contrary, plaintiff does not meaningfully counter the City's judicial-estoppel arguments, nor does she seriously dispute that she waived *something* before this court in 2020. Rather, plaintiff largely ignores judicial estoppel and focuses on the *scope* of her 2020 waiver, which plaintiff contends did not extent to the federal claims here. Plaintiff is incorrect, and this court should reject her undeveloped argument that judicial estoppel does not apply to this case and her contention that her 2020 waiver did not extend to the federal claims at issue here. For those reasons and for the reasons stated in the City's motion for summary judgment, this court should grant the City's motion and dismiss this action with prejudice.

I.    **Plaintiff's federal claims are barred by judicial estoppel, and plaintiff cannot show otherwise.**

Plaintiff states conclusorily that "[e]stoppel plainly does not apply to these circumstances." (Response, Dkt. 10, at 9). Plaintiff does not develop that argument, however, or meaningfully engage with the law or facts of this case. As explained in the City's motion, the undisputed facts establish the City's entitlement to estoppel, and plaintiff cannot show otherwise. This court should therefore grant summary judgment to the City and dismiss this action with prejudice.

As explained in the City's summary-judgment motion, the doctrine of judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–601 (9th Cir.1996); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990)). The doctrine applies regardless of whether a party has asserted "inconsistent positions in the same litigation" or "in two different cases." *Id.* at 783 (citing *Rissetto*, 94 F.3d at 605). Judicial estoppel furthers

"the orderly administration of justice and regard for the dignity of judicial proceedings" and "protect[s] against a litigant playing fast and loose with the courts." *Id.* at 782 (quoting *Russell*, 893 F.2d at 1037). Its "purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal quotation marks and citation omitted).

Here, plaintiff's allegations in this latest complaint are *identical* to her allegations in the 2020 complaint—right down to wording and syntax. (*Compare* Complaint, Dkt. 1, at ¶¶ 12–22 *with* Vannier Dec., Ex. 1 at ¶¶ 67–80). Yet, in 2020, plaintiff vigorously fought removal to this court, filing a motion representing that "there are no federal claims or federal questions to be decided in this case" and that she did "not make any claims for relief pursuant to 42 U.S.C. § 1983 regarding plaintiffs' federal civil rights [or] privileges and immunities secured to them by the Constitution of the United States…." (Vannier Dec., Ex. 3 at pp. 3–4). Plaintiff then filed a proposed amended complaint that "dropped any federal claim" against the City. *Id.*, Ex. 7 at p. 14. And she filed a reply stating that she was "strik[ing] allegations of federal free speech rights" and references to federal law from her complaint, and that she intended to raise "no federal claims and no disputes under federal law" with respect to the allegations in the complaint. *Id.*, Ex. 6 at pp. 2, 3. Plaintiff even asked this court to order the City to pay her attorney fees and costs as a sanction for asserting that the case involved any federal question. *See id.*, Ex. 3 at pp. 3–4, Ex. 6 at p. 4.

Then, at the hearing on her motion to remand, plaintiff reiterated that she "ha[d] no intention whatsoever of raising federal law issues in this case" and "solely want[ed] to raise state law claims." *Id.*, Ex. 7 at p. 23. Plaintiff emphasized that her case was only about "state law

torts," and that she wanted "to go back to state court to present our state court issues in the state court forum." *Id*. at 11. She stipulated that she would not seek to revive any federal claims if the case were remanded to state court. *Id*. at 23. And she repeated her request for fees and costs to be assessed against the City for removing the case to this court. *Id*. at 12.

Plaintiff made those representations for the express purpose of persuading this court to grant her motion and remand the case to state court. And plaintiff succeeded: this court accepted plaintiff's representations, granted plaintiff's motion to remand, and sent the case back to state court.

But after months on remand, plaintiff evidently decided that she had no viable state-law claims in this case. She asked for the City's position if she voluntarily "dismissed [her] claims" in state court and "refiled" federal claims in this court, and the City responded that, if plaintiff "were to file a new complaint in federal court alleging federal claims based on the same series of acts or transactions at issue in this case, the City would likely move to dismiss such federal claims based on the stipulation/waiver made before Judge Simon in this case." *Id*., Ex. 17 at pp. 1–3. Plaintiff nevertheless decided to attempt such a voluntary dismissal and "refiling," and this court is now faced—more than two years after remanding the case to state court based on plaintiff's representations—with another complaint raising *the very same allegations* that plaintiff represented multiple times presented "no federal claims or federal questions," and as to which plaintiff stipulated that she would not raise federal claims. (Vannier Dec., Ex. 3 at pp. 3–4). This is the very sort of "playing fast and loose with the courts" and "deliberately changing positions according to the exigencies of the moment" that the doctrine of judicial estoppel exists to prevent. *Hamilton, 270 F.3d at 782* (citing *Russell*, 893 F.2d at 1037); *New Hampshire*, 532

U.S. at 750 (quoting *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)). Plaintiff does not—indeed, cannot—show otherwise.

As explained above and in the City's motion for summary judgment, plaintiff's position today is "clearly inconsistent" with her position in 2020. *New Hampshire*, 532 U.S. at 750. Furthermore, in 2020, plaintiff "succeeded in persuading [this] court to accept that … earlier position," and "judicial acceptance of" plaintiff's position today "would create the perception that either the fist or the second court was misled." *Id*. Finally, plaintiff "would derive an unfair advantage or impose an unfair detriment" if she were allowed to revive federal claims that had been conclusively withdrawn on the record, with no ability to be revived, more than two years ago. *Id*.

For those reasons, and for the additional reasons explained in the City's motion for summary judgment, the undisputed facts in this case establish the City's entitlement to judicial estoppel of plaintiff's claims. Plaintiff cannot show otherwise, and this court should exercise its equitable powers to bar those claims and dismiss this action with prejudice.

**II.     Plaintiff waived federal claims in this case on the record in 2020, and nothing in plaintiff's response undermines that reality.**

Plaintiff's arguments on waiver are similarly unavailing. As an initial matter, plaintiff does not contradict the City's characterization of the legal test for waiver—"the intentional relinquishment or abandonment of a known right"—or propose a different test. Indeed, plaintiff does not appear to contest that she waived *something* through her representations to this court in 2020. Rather, plaintiff focuses narrowly on her comments at the hearing on her motion to remand, arguing repeatedly that she promised only to not attempt to revive federal claims "in this case." (*See* Response, Dkt. 10, at 3–5 ). This latest complaint, plaintiff argues, is not "this case"

within the meaning of her 2020 waiver. *Id*. at 7 (arguing that plaintiff "did not knowingly or intentionally waive her federal claims outside" the context of her 2020 complaint). That argument has no merit, and this court should reject it.

Quite simply, this latest complaint is still "this case," notwithstanding plaintiff's protestations to the contrary. As explained previously, plaintiff's factual allegations in the present complaint are *identical* to her allegations in the 2020 complaint. It is well established that claims are considered part of the "same case or controversy" when they are based on the same facts. *See, e.g., Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1051 (9th Cir. 2003) (claims are part of the "same case or controversy" for purpose of supplemental jurisdiction if they are based on "the same facts and circumstances"); *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 887 (9th Cir. 2022) ("two suits involve the same causes of actions" for purposes of the bar on claim-splitting if they "arise out of the same transactional nucleus of facts"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (affirming dismissal as frivolous of complaint arising out of same series of events and alleging same facts as another action); *Needham v. Astrue,* 2014 WL 4983653, at *6 (D. Or. Oct. 6, 2014) (Acosta, Mag. J.) (claim was "same case" for *res judicata* purposes when it involved the same "issues of fact" as prior claim); *see also Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) ("a party is not at liberty to … present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.")

That the same facts are alleged under different case numbers is immaterial—on the contrary, strategic dismissal and refiling of the same case under a new number to avoid the implications of prior rulings or representations "is a misuse of the ability to refile to wipe the

slate clean" and potentially sanctionable under "the Ninth Circuit's standard."[2] *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, 41 F.4th 1372, 1379–80 (Fed. Cir. 2022); *see also Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) ("the fact that plaintiff was denied leave to amend does not give her the right to file a second lawsuit based on the same facts.") (internal brackets and citation omitted).

Here, plaintiff does not appear to dispute that her 2020 waiver barred her from amending her complaint to revive federal claims. Indeed, plaintiff concedes that she "agreed to and wanted to limit [the 2020 complaint] to state law claims." (Response, Dkt. 10, at 7). It is that realization that prompted plaintiff, after she concluded that her state-law claims were not viable, to reach out to the City in 2021 to inquire whether the City would object if plaintiff dismissed her complaint and "refiled" it in federal court. (*See* Vannier Dec., Ex. 17 at pp. 2–3). Plaintiff's attempted end-run around her waiver of federal claims—voluntarily dismissing and refiling the identical allegations in a "new" action—cannot hide the fact that this latest complaint is still part of the same case or controversy as the 2020 action. Plaintiff therefore remains bound by her 2020 waiver of federal claims in "this case," and she cannot show otherwise.

For that additional, independently sufficient reason—and for the further reasons stated in the City's motion—this court should grant summary judgment to the City and dismiss this action with prejudice.

---

[2] Plaintiff does not appear to grasp the implications of dismissing and refiling a case for strategic purposes. For example, plaintiff observes in her response that, if this court had denied her motion to remand in 2020, she simply "could have, at any time, voluntarily dismissed and re-filed any of her claims in any court with jurisdiction." (Response, Dkt. 10, at 7). That is precisely the sort of "gamesmanship" that the court condemned in *Realtime*.

**III.    Plaintiff's remaining arguments have no merit.**

Plaintiffs makes a few additional points in her response, none of which is pertinent or material. For example, plaintiff appears to suggest that this attorney has a practice of removing cases "to federal court where plaintiffs have filed only state-law claims." (*See* Response, Dkt. 10, at 8) (stating that "Denis Vannier [has] previously removed to federal court" a case, *Owen et al. v. City of Portland*, that "alleged only breach of contract and quantum meruit.") That contention, apart from being irrelevant, is incorrect.

First, the complaint to which plaintiff cites and that is attached to a declaration of counsel is not even the complaint in the *Owen* case. (*See* Moisan Decl., Ex. 2). It appears to be a Linn County state-court complaint in a case entitled *Portfolio Recovery Assoc., LLC v. McGinty*, to which the City was not a party and in which counsel for the City does not recall appearing. *See id*. Plaintiff does not explain how the *Portfolio Recovery Associates* case has any relevance to the issues here, and this court should disregard it.

Second, the *Owen* case *did* in fact raise federal claims—as this very court noted in a reported opinion—and was properly removed to this court. *See Owen v. City of Portland*, 236 F. Supp. 3d 1288, 1291, 1295 (D. Or. 2017) (Simon, J.) (noting that plaintiffs "alleged violations of the United States Constitution"—namely, that a City ordinance "unconstitutionally impairs Plaintiffs' existing contracts in violation of Article I, section 10, clause 1 of the United States Constitution" and "infringes upon Plaintiffs' substantive due process rights under the 14th Amendment to the U.S. Constitution"—and that the City removed the matter based on "federal question jurisdiction"). Plaintiff's suggestion that the removal in *Owen* was somehow improper is therefore incorrect.

Based on the above incorrect allegations, plaintiff then argues that, "if anything," it is the City that "should be estopped from removal to federal court" of cases such as hers, which allegedly raised "only state law claims * * *." (Response, Dkt. 10, at 9). But, as explained in the City's motion for summary judgment, this court has already held that the City properly removed this case in 2020: it "was properly removed by [the City] to federal court" because plaintiff "alleged that [her] right to free speech and free expression were being violated," and the complaint "specifically invoked the First Amendment." (Vannier Dec., Ex. 7 at pp. 12, 24). Plaintiff provides no reason to revisit that ruling, which is the law of the case.

In any event, none of the above arguments has any bearing on the issues before this court today. As explained above, plaintiff's federal claims are barred by judicial estoppel and were waived on the record in 2020, and plaintiff's allegations regarding counsel's actions in the *Owen* case or in previously removing this case to this court based on federal-question jurisdiction do not undermine that reality.

Finally, plaintiff appears to argue that neither judicial estoppel nor waiver apply in this case because "no decision on the merits was ever reached" in 2020, "nor did this Court order a dismissal with prejudice" of plaintiff's federal claims. (Response, Dkt. 10, at 1–9). But questions of judicial estoppel or waiver are completely separate from whether claims were dismissed with prejudice or are barred by a prior decision on the merits (which would involve questions of *res judicata* or claim preclusion, not waiver or judicial estoppel). The City does not argue that plaintiff's federal claims are barred by a prior decision on the merits. What the record shows, however, is that plaintiff waived those claims on the record before this court and, furthermore, that those claims are separately barred by judicial estoppel. Plaintiff does not—indeed, cannot—show otherwise.

## CONCLUSION

For the above reasons, as well as for the reasons stated in the City's motion for summary judgment, the material, undisputed facts establish the City's entitlement to judicial estoppel of plaintiff's federal claims. Moreover, and independently of the issue of estoppel, the material, undisputed facts show that plaintiff waived, on the record before this court, the same claims she now attempts to revive in this case. For each of those independently sufficient reasons, this case presents no genuine dispute as to any material fact, and the City is entitled to judgment as a matter of law and dismissal of this action with prejudice.

Dated: October 24, 2022.

                Respectfully submitted,

                */s/ Denis M. Vannier*
                Denis M. Vannier, OSB No. 044406
                Senior Deputy City Attorney
                Denis.Vannier@portlandoregon.gov
                *Attorney for Defendant City of Portland*