IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BEA LAKE**,<br><br>       Plaintiff,<br><br>       v.<br><br>**CITY OF PORTLAND**, a municipal corporation; and Portland Police Bureau Police Officer **JOHN DOE**, in his individual capacity,<br><br>       Defendants. | Case No. 3:22-cv-818-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Bea Lake brings this complaint against the City of Portland (City) and an unknown Portland Police Bureau Police Officer, John Doe, under 42 U.S.C. § 1983, alleging violations of her rights under the First and Fourth Amendments. Defendants move for summary judgment, arguing that Lake has waived her right to bring federal claims based on the underlying facts of this case, or that the Court should apply judicial estoppel to preclude Plaintiff's claims.

Plaintiff had previously been one of three named plaintiffs in a putative class action that was filed in state court on July 7, 2020. That class action complaint was filed against the City, and alleged state law claims for assault, battery, intentional infliction of emotional distress,

PAGE 1 – ORDER

negligence, and false arrest, and sought declaratory and injunctive relief. *See* ECF 7-1, at 33-43; *see also Evans v. City of Portland*, Case No. 3:20-cv-1142-SI, ECF 1. The City removed the case to federal court on July 14, 2020, the plaintiffs moved to remand, arguing that they had only brought state law claims, and the City responded that removal was appropriate because the complaint referenced the "First Amendment" of the U.S. Constitution, "free speech," and case law interpreting federal free speech rights under the First Amendment. *See* ECF 7-1, at 44-65. Plaintiffs then filed an amended class action complaint that removed all reference to the U.S. Constitution and federal law.

The Court held oral argument in *Evans* on the putative class action plaintiffs' motion to remand. At the hearing, the Court asked whether the amended complaint and removal of all federal claims sufficiently addressed the City's concerns to support the Court declining supplementary jurisdiction and entering a discretionary remand. In response, the following colloquy took place:

> MR. JETER (CITY): The events that gave rise to this lawsuit are recent, and so there is no issue with a two-year statute of limitations with regard to 1983 claims, and we wouldn't want to be in a position where plaintiff could decide later on, after discovery in state court, that it wants to file a 1983 claim in federal court, which it may be allowed to do if the case were remanded without any type of adjudication on the merits of the first amended [complaint].
>
> * * *
>
> [I]f the Court construes the amended complaint dropping the federal claim to mean that the plaintiff is voluntarily dismissing any federal claims with prejudice, the City is amenable to that. Then the City has no problem with the Court declining to exercise the supplemental jurisdiction at that point and dismissing the case, allowing the plaintiff to refile in state court. The City would object to a remand that leaves plaintiff with the opportunity to re-raise any federal claim it might have in the future that were already in the original complaint that was properly removed to this court. So what the City is interested in is a stipulation between the parties

PAGE 2 – ORDER

that any federal First Amendment claim that the plaintiff had has been dismissed with prejudice.

COURT: Let me ask Mr. Kreuscher this question, because that's not the only way to achieve that result.

Mr. Kreuscher, is the plaintiff prepared right now to stipulate that if I were to remand this case to state court on the grounds that there is no current federal claim *in the case*, then plaintiffs in this lawsuit, including on remand back in state court, would forever waive and not assert any federal claims *in this case*.

MR. KREUSCHER (PLAINTIFFS): Plaintiffs in this case do not intend on adding federal claims. We have some straightforward state law questions that we would like answered by the state court.

* * * [discussion about dismissal]

COURT: But I could exercise my discretion and then remand the case to state court. It wouldn't be a dismissal; it would be a remand. I would probably be very disposed to exercise my discretion and remand the case back to state court, because it no longer has any federal claims, if plaintiff can assure us right now that it will not later try to assert federal claims against the defendant. If you are prepared to do that, I'm prepared to grant the motion to remand on that basis, exercising my discretion to not keep a case that no longer has federal claims.

Are plaintiffs prepared?

MR. KREUSCHER: That's certainly what we want, Judge. As to whether you're asking me if we're willing to stipulate, I'm not—as a putative class action, first of all, I'm unclear how we could stipulate on behalf of the class. Secondly—

COURT: You don't have a certified class.

MR. KREUSCHER: Well, that makes sense, Judge. So we wouldn't be required at that point.

[discussion regarding other federal pending putative class actions of which plaintiffs are members]

Judge, what I can say is that we have no intention whatsoever of raising federal law issues *in this case*. I could certainly stipulate that *as part of this action* that we wouldn't be re-amending to try to

PAGE 3 – ORDER

add federal law issues. That was not our intent at all. But without looking, I can't stipulate on behalf of our named plaintiffs, as they're already part of the class on the other lawsuits.

COURT: All right. Let me ask, Mr. Jeter, based upon what Mr. Kreushner just said, if I heard him correctly, he is willing to stipulate that they will not amend *this case* when it goes back to state court to affirmatively assert any federal claims under Section 1983 or otherwise. Did I hear that correctly Mr. Kreuscher?

MR. KREUSCHER: That's correct, Judge. We solely want to raise state law claims.

COURT: All right. Mr. Jeter, does that satisfy the City's needs to ensure that *in this particular case* they will not have to face federal claims, including 1983 claims, *by these plaintiffs in this case when it goes back to state court in this lawsuit in this case*?

MR. JETER: Your Honor, I think to fully satisfy the City's needs, the City would require, first, an adjudication on the motion to remand stating that there was original jurisdiction over the complaint in the first instance, and so that motion should be denied. Then the Court could, within its discretion, after denying the motion, remand the case anyway, with the understanding that there are no longer and will never be in the future any federal claims.

COURT: *Asserted in this case*.

MR. JETER: Yes, your honor.

\* \* \*

COURT: [T]he original complaint asserted a federal claim or necessarily raised disputed and substantial federal issues. Therefore, the original complaint was properly removed by the defendant to federal court. After that removal, the plaintiff filed a first amended complaint that has the effect of dropping all federal claims. That gives this Court jurisdiction to either keep this case with only state claims in federal court or to remand the case now back to state court to hear the first amended complaint based upon the plaintiff's representation that it will not seek to further amend the complaint *once the case is back into state court* to add any federal claims at all, including claims under 42 U.S.C. § 1983 or the First Amendment. Based upon plaintiffs' representation, I will

>     now exercise my discretion to not keep this case in federal
>     court . . . .

ECF 7-1, at 126-33 (Tr. 17-24) (emphasis added).

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

The Court finds there is no genuine dispute whether Lake waived her right to bring an individual federal claim for damages against Defendants. The lengthy above-quoted colloquy from the *Evans* discussion about what Lake waived in the putative class action is clear that, repeatedly, both the Court and Plaintiffs' counsel emphasized that the only federal claims that were waived were claims presented in the context of a putative class action. The Court ensured that the City would not have to face a putative class action in state court that included federal claims, or have to litigate in state court for months or years and then have federal claims added and need to re-remove to federal court and start over. Whenever counsel for the City made a

statement that may have been interpreted broadly as covering more than the putative class action, the Court interjected and made clear that the stipulation and waiver only covered *that case*, which was a putative class action. Thus, the City's argument based on waiver fails.

For the same reasons, the City's argument based on judicial estoppel fails. "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Wagner v. Pro. Eng'rs in Cal. Gov.*, 354 F.3d 1036, 1044 (9th Cir. 2004) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). A district court has discretion whether to impose judicial estoppel. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). In considering whether to apply judicial estoppel, a district court may consider several questions, including whether "the party's later position [is] 'clearly inconsistent with its earlier position.'" *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (quoting *New Hampshire*, 532 U.S. at 750-51). Lake's filing a new, individual federal lawsuit for damages is not clearly inconsistent with her stipulation and waiver not to amend to add federal claims in her earlier state law putative class action seeking declaratory and injunctive relief.

The Court DENIES Defendants' motion for summary judgment, ECF 7.

**IT IS SO ORDERED.**

DATED this 10th day of February, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER